UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Civil Action No. 16-334-HRW

JOEY DEAN NIPPER,                                              PLAINTIFF,

v.                  **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,            DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits in January 2015, alleging disability beginning in February 2012, due to bipolar disorder, depression, kidney problems, insomnia, paranoia, shoulder problems, suicidal thoughts, anxiety, post-traumatic stress disorder, carpal tunnel syndrome and liver problems. This application was denied initially and on reconsideration and then denied by an administrative law judge. The Appeals Council subsequently vacated this decision and remanded the case for further proceedings (Tr. 236-38). Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Roger Reynolds (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Tina Stambaugh, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 44 years old at the time of he alleges he became disabled. he has a high school education. His past relevant work experience consists of work as a correctional officer.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the daye after the most recent administratively final unfavorable decision on a prior application (Tr. 43).

The ALJ then determined, at Step 2, that Plaintiff suffers from chronic bilateral shoulder pain of uncertain etiology, chronic kidney disease, osteoarthritis, depressive disorder and anxiety with paranoid tendencies, which he found to be "severe" within the meaning of the Regulations

2

(Tr. 43).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 43-44). .

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 48) but determined that he has the residual functional capacity ("RFC") to perform a range of medium work, with certain limitations as set forth in the hearing decision (Tr. 44-46).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 48).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

### A.     Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human*

*Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ failed to present a hypothetical question to the VE that accurately described Plaintiff; (2) the ALJ erred in giving weight to the opinion of Donna Sanders, M.D.; (3) it is not clear what time period the ALJ was adjudicating and (4) the ALJ failed to consider Plaintiff's absences from work.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ failed to present a hypothetical question to the VE that accurately described Plaintiff. Specifically, he contends that the ALJ erred by failing to incorporate state agency consultative examiner Tonya Gonzalez M.D.'s opinion that he was able to "sustain attention for extended periods of two hour segments for simple tasks" into the hypothetical question to the vocational expert (Tr. 214). Yet, the ALJ was not required to include this limitation into the hypothetical question to the vocational expert because this limitation the ALJ did not incorporate this limitation into his RFC finding.

In evaluating Plaintiff's mental impairments and incorporating them into the RFC, the

4

ALJ did not solely rely upon or fully adopt Dr. Gonzalez's opinion. Rather, the ALJ clearly reviewed and relied upon the record as a whole in formulating the RFC, including (1) Plaintiff had worked in the past despite his longstanding mental health conditions; (2) the objective medical evidence, which regularly contained normal mental status examination findings; (3) Plaintiff was treated conservatively for his conditions and did not seek any specialized mental health treatment or counseling; (4) Plaintiff regularly reported that his medications were working well; and (5) the opinions of the state agency reviewing psychologists (Tr. 47-48).

The undersigned finds that he hypothetical questions posed complied with this circuit's long-standing rule that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Plaintiff's second claim of error is that the ALJ erred in giving weight to the opinion of Donna Sanders, M.D.

At step two of the sequential evaluation process, the ALJ determined that Plaintiff's chronic kidney disease was a severe impairment that imposed more than a slight or minimal limitation in his ability to perform work-related activities (Tr. 43). *See* 20 C.F.R. §§ 404.1520(a)(5)(ii), 404.1521. The ALJ proceeded to find that Plaintiff's chronic kidney disease did not meet or equal a listed impairment at step three and that Plaintiff remained capable of performing a restricted range of medium work when determining his RFC (Tr. 43-48). While Plaintiff contends that the ALJ did not impose any functional limitations to accommodate his

chronic kidney disease (*see* Pl.'s Br. at 9), his argument is premised on a fundamental misunderstanding of the ALJ's decision. Here, the ALJ's limitation of Plaintiff to a restricted range of medium work took into account the effects of his chronic kidney disease, as the ALJ reasonably concluded that Plaintiff's "history of kidney disease does not limit him more than set forth in the residual functional capacity" (Tr. 46). The ALJ's determination was supported by the opinion of Dr. Sanders, who opined that Plaintiff's kidney disease would not prevent him from returning to work in October 2011.

Dr. Sander's opined that Plaintiff's kidney disease was not disabling was rendered outside of the period of adjudication. Yet, even disregarding her assessment, there is no credible evidence in the record that Plaintiff's kidney disease was disabling since the prior ALJ's decision. He received no specialized treatment for kidney during the relevant time and does not offer any medical opinion that suggests functional limitations as a result of a kidney-related condition. As there is no evidence that Plaintiff's kidney disease worsened since the prior decision, the ALJ did not err by relying upon Dr. Sanders' opinion. The lack of evidence in this regard is substantial evidence in support of the ALJ's decision.

Plaintiff also argues that it is not clear what time period the ALJ was adjudicating. The relevant period of time under adjudication for disability benefits was from August 1, 2014, the day after the date of a prior ALJ decision finding that Plaintiff was not disabled, through June 1, 2016, the date of the current ALJ's decision. The ALJ clearly states this in his decision. In the "Jurisdiction and Procedural History" section of the decision, the ALJ clearly explains that the principle of *res judicata* applied to the period of time from February 1, 2012 through July 31, 2014, but that new and material evidence revealed new severe impairments that warranted

6

additional functional limitations for the period beginning August 1, 2014 through the date of the decision—the relevant period of time that the ALJ was responsible for adjudicating as to whether Plaintiff was disabled (Tr. 40). In affirming that the relevant period of time under adjudication began on August 1, 2014, the ALJ noted that, "any reference to evidence prior to August 1, 2014, is only to develop a longitudinal history" (Tr. 40).

In the "Issues" section of his decision, the ALJ correctly stated that, "[a]fter careful consideration of all the evidence, the undersigned concludes the claimant has not been under a disability within the meaning of the Social Security Act from August 1, 2014 through the date of this decision" (Tr. 41 (emphasis added)). When discussing Plaintiff's work history, the ALJ noted that "[t]he claimant has not engaged in substantial gainful activity since August 1, 2014, the date after the most recent administratively final unfavorable decision on a prior application" (Tr. 43).

In addition, the ALJ's discussion of the relevant medical evidence makes clear that the ALJ was properly considering the evidence to the extent that it relates to the appropriate period of time following the prior ALJ's decision (Tr. 43-48). For example, in his discussion of the medical evidence, the ALJ specifically noted that "[m]uch of the objective medical evidence relates to the period prior to the previous Administrative Law Judge decision" (Tr. 46). Indeed, throughout his discussion of the medical evidence, the ALJ repeatedly refers to the relevant medical evidence to the extent that it relates to the period of time "since the previous Administrative Law Judge decision" (Tr. 43-49).

Based upon these references to the correct period of adjudication, Plaintiff's argument is without merit.

Plaintiff argues that the decision is "unclear" unclear because the ALJ stated that Plaintiff

7

would be 44 years old on his alleged disability onset date when, in fact, he would be 47 years old on the date of August 1, 2014—the first date of the period under adjudication based on the prior ALJ decision. Yet, the ALJ's statement was factually accurate, as Plaintiff was, in fact, 44 years old on his alleged disability onset date of February 1, 2012. Yet this is a distinction without a difference as Plaintiff would have been characterized as a "younger person" using either date for the purposes of the Medical-Vocational Guidelines (which the ALJ did not apply in this case). *See* 20 C.F.R. § 404.1563© (defining "younger person" as someone under the age of 50).

Finally, Plaintiff contends that the ALJ failed to consider Plaintiff's absences from work. Contrary to Plaintiff's argument, the ALJ is not required to explicitly address every statement made by Plaintiff in his administrative testimony. *See Allison v. Comm'r of Soc. Sec.*, 108 F.3d 1376, 1997 WL 103369, at *3 (6th Cir. 1997) (unpublished) ("[N]either precedent nor common sense requires written discussion of every single piece of evidence."). Here, although Plaintiff alleged that he had frequent absences while working as a correctional officer (Tr. 67), Plaintiff nonetheless admitted that he was able to work for 20 years until he was eligible to retire with full retirement benefits (Tr. 87). The record does not contain any evidence to corroborate Plaintiff's unsupported testimony about the alleged frequency of his work absences, nor does it contain any evidence that suggests that Plaintiff was forced to stop working as a result of his impairments. Thus, in making his disability determination, the ALJ reasonably considered that Plaintiff remained capable of performing substantial gainful activity while having the longstanding impairments that he now claims are disabling, which suggests that his impairments are not as functionally limiting as alleged (Tr. 44, 46, 48)

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. The objective medical evidence of record, which consistently indicated that Plaintiff did not have any significant deficits upon physical examination (Tr. 841-42, 997-98, 1089, 1096-97, 1100-01, 1103-04, 1107-08, 1111-12, 1115-16, 1121-22, 1124-25, 1128, 1131-32, 1134-35, 1137-38, 1151-52, 1153-54); Plaintiff's self-reports that his medications were working well in managing his pain symptoms (Tr. 93-94, 996, 1126); Plaintiff's conservative treatment protocol, which did not include more rigorous treatment, such as surgery, physical therapy, or injection therapy (Tr. 46); as well as Plaintiff's activities of daily living, which included mowing the yard and going hunting with a rifle (Tr. 94-95, 370).

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 21st day of September, 2017.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge